IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NORBERT STURDEVANT,**

      **Petitioner,**

  **v.**                             **CIVIL ACTION NO. 2:09cv47**
                                        **(Judge Maxwell)**

**KUMA DEBOO,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

This matter is pending before me for Report and Recommendation pursuant to LR PL P 83.09. On April 8, 2009, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. On April 27, 2009, the petitioner was granted leave to proceed *in forma pauperis*.

### I. PETITION

The petitioner is a federal prisoner currently incarcerated at FCI Gilmer which is located in Glenville, West Virginia. The petitioner alleges that he is entitled to the rights afforded him under the "Treaties of the Menominee Tribe of Wisconsin, the Constitution of the United States, the First, Fifth, and Fourteenth Amendments thereto, and all federal laws made in pursuance thereto." (Doc. 1, pp. 1-2). The petitioner further alleges that the respondent has deprived him of his rights by denying him the use and possession of sacred object and public observance of the Sweat Lodge. As relief, he requests that the court enforce the Treaties of the Menominee Indian Tribe, the rights guaranteed by the United States Constitution, and all federal laws made for the benefit of Native

Americans. He further requests that the respondent be held accountable for the violation of his rights under these various laws.

## II. ANALYSIS

The petitioner is not entitled to any relief under §2241 because he is not challenging the legality of his custody and does not seek the immediate or speedier release from imprisonment. Rather, he is challenging the conditions of his confinement or a violation of his civil rights, and these are not claims which can be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the claims raised in his petition, the petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[1] and pay the $350.00 filing fee.

## III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be **DISMISSED** without prejudice to the respondent's right to file a Bivens action and that his pending Motion for Appointment of Counsel (Doc. 2) be **DENIED AS MOOT**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District

---

[1] In Bivens, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under §1983.

2

Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

  The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 11, 2009

               /s/ James E. Seibert
               JAMES E. SEIBERT
               UNITED STATES MAGISTRATE JUDGE