**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**NORBERT STURDEVANT,**

        **Petitioner,**

v.                                                                                                                     **2:09 CV 47**
                                                                                                                        **(Maxwell)**

**WARDEN JOEL J. ZIEGLER,**

        **Respondent.**

## ORDER

It will be recalled that, on April 8, 2009, *pro se* Petitioner Norbert Sturdevant instituted the above-styled civil action by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.

It will further be recalled that the case was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 83.09 of the Local Rules of Prisoner Litigation Procedure.

On May 11, 2009, Magistrate Judge Seibert entered a Report And Recommendation wherein he recommended that the Petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 be dismissed without prejudice to the Petitioner's right to file a <u>Bivens</u> action and that the Petitioner's Motion For Appointment Of Counsel, accordingly, be denied as moot.

In his Report And Recommendation, Magistrate Judge Seibert provided the parties with ten (10) days from the date of said Report And Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation.

The Petitioner's Objections To The United States Magistrate's Report And Recommendation were filed on May 19, 2009.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985).

As previously noted, on May 19, 2009, the Petitioner filed Objections To The United States Magistrate's Report And Recommendation. In his objections, the Petitioner asserts that the Magistrate Judge failed to mention that he has alleged that he is a member of a federally recognized tribe and is, accordingly, asking this Court to protect certain treaty rights; that the Magistrate Judge failed to mention that he did not waive his rights under either the treaty in question or the United States Constitution; that a writ of habeas corpus is the appropriate vehicle for the vindication of his rights under the treaty in question; the United States Constitution; and all federal laws enacted for the benefit of members of federally recognized tribes, including, but not limited to, 42 U.S.C. § 1996; and that both the United States Court of Appeals for the Sixth Circuit and the United States Supreme Court have expressly approved the expanded use of the writ of habeas corpus to include suits contesting the conditions of confinement and not merely the legality of the confinement itself.

In his Report And Recommendation, Magistrate Judge Seibert recommends dismissal of the Petitioner's § 2241 Petition in light of his determination that the Petitioner is not challenging the legality of his custody and does not seek immediate or speedier

release from imprisonment. Magistrate Judge Seibert found, instead, that the Petitioner is challenging the conditions of his confinement or a violation of his civil rights. Contrary to the Petitioner's assertions, Magistrate Judge Seibert does, in fact, address in the Petition Section of his Report And Recommendation the Petitioner's contentions that is a member of the Menominee Tribe of Wisconsin; and that he is asking this Court to protect certain rights that he has by virtue of treaties of that tribe; the United States Constitution; and all federal laws enacted for the benefit of members of that tribe, including, but not limited to, 42 U.S.C. § 1996. Furthermore, the Court has carefully reviewed both the Coffin v. Reichard, 143 F.2d 443 (6th Cir. 1944) and the Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 4373 (1963) cases relied upon by the Petitioner and has found nothing in either of those cases to support the Petitioner's contention that a § 2241 Application is the appropriate vehicle for him to bring his claims before this Court.

The Court, being of the opinion that Magistrate Judge Seibert's Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge Seibert on May 11, 2009 (Docket No. 11), be, and the same is hereby, **ACCEPTED** in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be, and the same is hereby, **DENIED and DISMISSED**, **without prejudice** to the Petitioner's right to file a Bivens action. It is further

**ORDERED** that the following Motion filed by the Petitioner be, and the same is

3

hereby, **DENIED as moot**:

    1.    Motion For Appointment Of Counsel (Docket No. 2).

It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Respondent. It is further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of Appeals For The Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner and to counsel of record in the above-styled civil action.

    **ENTER:** January  21 , 2010

                                                                 **/S/ Robert E. Maxwell**
                                                                  United States District Judge